**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**Ava R. Mandel**
Plaintiff,

v.

**Defense Counterintelligence and Security Agency (DCSA)**
Defendant.

Civil Action No. 8:25-2025-ABA

## COMPLAINT

Plaintiff Ava R. Mandel ("Plaintiff") brings this action against Defendant Defense

Counterintelligence and Security Agency ("DCSA" or "Defendant"), and alleges upon personal

knowledge as to herself and her own acts and experiences, and as to all other matters upon

information and belief, including investigation conducted by Plaintiff, and states as follows:

### I. NATURE OF THE ACTION

1. This is a civil action brought under the Privacy Act of 1974, 5 U.S.C. §552a(g)(1)(A)

and (C), seeking injunctive relief to require the amendment and correction of inaccurate,

incomplete, irrelevant, and misleading records maintained in Plaintiff's investigative file by the

Defense Counterintelligence and Security Agency (DCSA).

2. Plaintiff, Ava R. Mandel, seeks injunctive relief to compel the amendment of federally

maintained records that have caused reputational harm, the improper attachment of a warning

label to her adjudicative file, and violations of procedural due process.

3. Plaintiff challenges DCSA's maintenance and use of investigative records that contain

erroneous and stigmatizing information including third-party medical information and expunged

criminal history, mischaracterized factual events, and defamatory narratives, which were

1

improperly retained and relied upon in connection with Plaintiff's federal suitability and adjudicative review.

4. Despite Plaintiff's submission of a formal Privacy Act amendment request and subsequent administrative appeal, DCSA refused to amend or correct the disputed records, while acknowledging that certain information was volunteered by third parties and may contain inaccuracies or untruthful statements.

5. DCSA's refusal to correct or remove this information violates the Privacy Act's requirements that agencies maintain records used in making determinations about individuals with accuracy, relevance, timeliness, and completeness, and that they refrain from maintaining records that are not relevant and necessary to accomplish a lawful agency purpose.

6. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer concrete harm including reputational injury, adverse employment consequences, and the continued presence of a warning or adjudicative flag in her investigative file that affects federal suitability determinations.

7. Through this action, Plaintiff seeks declaratory and injunctive relief compelling DCSA to amend its records, remove inaccurate and irrelevant information, and comply with its statutory obligations under the Privacy Act.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §552a(g)(1)(A) and (C) and 28 U.S.C. §1331.

9. Venue is proper in this District under 5 U.S.C. §552a(g)(5) and 28 U.S.C. §1391(e) as Plaintiff resides in this district and the records at issue adversely affect her federal employment and security eligibility.

### III. PARTIES

10. Plaintiff, Ava R. Mandel, is a United States citizen residing in Maryland.

11. Defendant, Defense Counterintelligence and Security Agency (DCSA), is an agency of the United States government responsible for conducting background investigations and adjudicating security and suitability determinations.

### IV. FACTS

12. Plaintiff underwent a Tier 4 and Tier 1 background investigation conducted by DCSA for purposes of federal suitability review in 2024 and 2025.

13. The resulting investigative record included materially inaccurate, incomplete, and irrelevant information including:

a. Improper reference to a nonparty family member's medical information and expunged criminal history;

b. Mischaracterization of a verified Level 4 residential fire emergency;

c. Use of the term "discrepant" to describe corroborated testimony supported by IRS and official complaint records;

d. Retention of inaccurate and disputed narratives originating from a former employer, despite countervailing sworn statements from executive leadership.

14. On April 1, 2025, Plaintiff submitted a Privacy Act amendment request to DCSA seeking correction of these inaccuracies.

15. On April 28, 2025, DCSA denied Plaintiff's request in full.

16. On May 3, 2025, Plaintiff filed a timely appeal of the denial. On June 18, 2025, DCSA issued a final written denial, reaffirming its refusal to amend the disputed records.

Plaintiff has therefore exhausted all administrative remedies as required under 5 U.S.C. §552a(g).

17. Plaintiff continues to suffer harm due to the existence of inaccurate and stigmatizing records maintained by DCSA including adverse employment outcomes and reputational damage. In its final denial, DCSA acknowledged that "some material was volunteered by third parties and may contain 'inaccuracies or untruthful statements,'" yet refused to amend, justifying its decision solely on the accuracy of documentation (i.e., that the statements were documented) rather than the factual truth of the statements themselves.[1]

## V. CAUSES OF ACTION

### A. Violation of the Privacy Act – 5 U.S.C. §552a(e)(5) and (d)(2)

18. Plaintiff re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

19. Defendant DCSA has failed to maintain records used in determining Plaintiff's federal suitability in a manner that is accurate, relevant, timely, and complete, in violation of 5 U.S.C. §552a(e)(5).

20. DCSA failed to amend its records despite receiving documented evidence contradicting the disputed information in violation of 5 U.S.C. §552a(d)(2).

### B. Violation of the Privacy Act – 5 U.S.C. §552a(e)(1)

---

[1] See Exhibit G, Final Denial Letter (June 18, 2025).16. The Privacy Act prohibits federal agencies from maintaining records that are not "relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute."

21. DCSA's retention of unverified and irrelevant third-party medical information and expunged criminal history regarding a nonparty family member that was neither provided by Plaintiff nor corroborated through independent means exceeds the permissible scope of recordkeeping under §552a(e)(1).

22. This material bears no lawful relevance to Plaintiff's own conduct and serves no legitimate investigatory or adjudicative purpose. It should be stricken in its entirety.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that DCSA's denial of Plaintiff's Privacy Act amendment request was unlawful under 5 U.S.C. §552a;

B. Order DCSA to amend Plaintiff's investigative records to ensure accuracy, relevance, timeliness, and completeness by:

1. Removing all references to a nonparty family member's medical information and expunged criminal history including any reliance on such information as context for assessing Plaintiff's character, conduct, or adjudicative suitability;

2. Removing any warning label, adjudicative flag, or similar notation applied to Plaintiff's background investigation that is based on inaccurate, irrelevant, or unsupported information;

3. Correcting inaccurate descriptions or characterizations concerning the Level 4 residential fire incident;

4. Removing or revising the designation of Plaintiff's corroborated testimony as "discrepant" where such testimony is supported by documentary or sworn evidence; and

5. Removing or revising inaccurate or disputed statements originating from a former employer where those statements are contradicted by sworn or documentary evidence;

C. Award Plaintiff reasonable litigation costs pursuant to 5 U.S.C. §552a(g)(3)(B) if applicable; and

D. Grant such other and further relief as the Court deems just and proper.

## VII. SIGNATURE AND VERIFICATION

Respectfully submitted,

Ava R. Mandel
Pro Se Plaintiff

6

## VIII. EXHIBIT LIST

**Exhibit A** – Plaintiff's Original Privacy Act Amendment Request (DCSA-B 25-07797)

Submitted on April 1, 2025, this request formally petitioned the Defense Counterintelligence and Security Agency (DCSA) to correct multiple inaccuracies and violations of the Privacy Act contained in Plaintiff's investigative file.

**Exhibit B** – DCSA's Denial Letter (Dated April 28, 2025)

DCSA's official response denying Plaintiff's Privacy Act amendment request in full. This denial serves as the final agency action required under 5 U.S.C. §552a(g) for judicial review.

**Exhibit C** – Plaintiff's Formal Appeal Letter (Dated May 3, 2025)

Filed in accordance with 32 C.F.R. §310.7(d)(3), this letter challenges the April 28 denial and provides detailed legal and factual arguments, along with documentary support.

**Exhibit D** – Supporting Documentation Provided with Amendment and Appeal (Includes Authenticated Records Substantiating Plaintiff's Claims):

- IRS payroll records confirming lawful employment in 2011;
- Sworn letters from Fort Myer Construction Corporation executives;
- Anne Arundel County fire marshal and emergency dispatch report validating Level 4 residential fire;
- Formal complaints filed with NIH Civil and the Maryland Board of Nursing regarding workplace mistreatment;
- Relevant excerpts from Plaintiff's investigative file showing disputed content.

7

**Exhibit E** – Plaintiff's Background Investigation File (Excerpts)

Selected portions of the investigative file obtained through FOIA/Privacy Act requests that contain the contested language and factual inaccuracies referenced in the Complaint.

**Exhibit F** – DCSA Letter Responding to Complaint Regarding Improper Use of a Nonparty Family Member's Medical Information (Dated May 2, 2025)

This letter from the DCSA's FOI/P Office addresses Plaintiff's objection to the inclusion of her nonparty family member's medical information and expunged criminal history in her investigative file. DCSA asserts this inclusion does not violate the Privacy Act. Plaintiff disputes this rationale and includes the letter to demonstrate exhaustion of administrative remedies and to support her claim that such disclosures violate 5 U.S.C. §552a(e)(1) and (e)(5).

**Exhibit G** – Final Denial Letter from DCSA (Dated June 18, 2025) Responding to Plaintiff's Formal Privacy Act Appeal (DCSA Tracking No. APP25-00043), Reaffirming Retention of Disputed Material.

8