## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AVA R. MANDEL,

    *Plaintiff,*

  v.

DEFENSE COUNTERINTELLIGENCE AND
SECURITY AGENCY,

    *Defendant.*

Case No. 25-cv-2025-ABA
Case No. 25-cv-3515-ABA

### MEMORANDUM OPINION AND ORDER

Plaintiff Ava Mandel has filed two lawsuits against Defendant Defense Counterintelligence and Security Agency ("DCSA"). The first was initiated on June 24, 2025, alleging two claims under the Privacy Act (Case No. 25-cv-2025 (hereinafter, "*Mandel I*")), and the second was initiated on October 27, 2025, alleging violations of the Genetic Information Nondiscrimination Act ("GINA"), the Americans with Disabilities Act ("ADA"), and Title VII (Case No. 25-cv-3515 (hereinafter, "*Mandel II*")). DCSA filed a motion to consolidate the two cases as well as a motion for extension of time to file responsive pleadings. For the reasons that follow, DCSA's motions will be granted.

### I.    BACKGROUND

Plaintiff alleges that in 2024 and 2025, DCSA conducted a background investigation of her in connection with her onboarding for a federal contractor position. *Mandel I*, ECF No. 34 ¶ 12; *Mandel II*, ECF No. 10 at 3. Plaintiff alleges that the investigative report included inaccurate and irrelevant information such as a family member's medical information and expunged criminal records. *Mandel I*, ECF No. 34 ¶

13; *Mandel II*, ECF No. 10 at 3. She alleges that DCSA improperly used this information to frame her character and behavior, "suggest[ing] that her genetic association with her sibling raised concerns about her psychological fitness and trustworthiness." *Mandel II*, ECF No. 10 at 3. Plaintiff alleges that she was not granted an opportunity to contest the record or remove the prejudicial information and was not granted the position. *Id.* Plaintiff alleges that DCSA then transmitted the investigative report to the U.S. Department of Health and Human Services without her knowledge or consent, further impairing her prospects for federal employment. *Id.* Plaintiff asserts that "DCSA's use of genetic and associative information as a basis for adverse action constitutes unlawful discrimination under" GINA and the ADA. *Id.*

Plaintiff asserts that on April 1, 2025, she submitted a Privacy Act amendment request to DCSA seeking correction of the inaccuracies, which DCSA denied in full. *Mandel I*, ECF No. 34 ¶¶ 14, 15. She alleges that she timely appealed and DCSA's decision was affirmed. *Id.* ¶ 16. She asserts that DCSA has violated the Privacy Act. *Id.* ¶¶ 18–22.

DCSA has filed a motion to consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a) given that the two cases arise out of the same factual underpinnings: DCSA's alleged background investigation of Plaintiff in connection with her federal employment application. *Mandel I*, ECF No. 37.[1] DCSA asserts that, "[a]lthough Plaintiff's claims in *Mandel I* are brought under the Privacy Act and concern

---

[1] The same motion to consolidate, response brief, and reply brief were filed in both *Mandel I* and *Mandel II*. *See Mandel I*, ECF No. 37; *Mandel II*, ECF No. 25. For the sake of efficiency, the Court will cite to the filings in *Mandel I* for the explanation of the parties' positions.

DCSA's retention of certain records and information related to the background investigation, and *Mandel II* raises claims under the [GINA] and the [ADA] and concerns DCSA's alleged determination that Plaintiff's 'genetic association with her sibling raised concerns about her psychological fitness and trustworthiness' . . . [,] [s]imply because Plaintiff raises different causes of action against DCSA based on these common facts does not weigh against consolidation." *Id*. at 4 (quoting *Mandel II*, ECF No. 10 at 3; citing *Handex of Md., Inc. v. Waste Mgmt. Disposal Servs. of Md., Inc.*, Case Nos. 05-cv-1044-AW, 05-cv-2584-AW, 2008 WL 11363365, at *5 (D. Md. July 10, 2008); *En Fuego Tobacco Shop LLC v. United States Food & Drug Admin.*, 356 F. Supp. 3d 1, 11 (D.D.C. 2019)). Finally, it asserts that "there is no reason to believe that consolidation would result in confusion of the issues or prejudice to the parties." *Id*.

Plaintiff contests consolidation arguing that "[a]lthough the two actions arise from the same underlying background investigation, consolidation is neither required nor appropriate under Federal Rule of Civil Procedure 42(a)." *Mandel I*, ECF No. 38 at 1. She contends that because liability under the Privacy Act "turns on documentary evidence, agency procedures, and post-investigation conduct, not on discriminatory intent or motive," while liability under GINA and ADA "turns on discriminatory motive, protected status, causation, and damages including statutory and equitable relief that is not available under the Privacy Act," the Court should deny consolidation. *Id*. at 2–3. Plaintiff argues that "[c]onsolidating these actions would risk reframing Privacy Act claims through a discrimination lens, and conversely evaluating discrimination claims under record-keeping standards that govern relevance, accuracy, and amendment

obligations," and that "[c]onsolidation would also complicate evidentiary presentation." *Id*. at 4.

## II.     DISCUSSION

### A.      Motion to Consolidate

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). District courts have broad discretion in deciding whether to consolidate actions that present common issues of law *or* facts as well as to promote convenience and judicial economy. *See A/S Ludwig Mowinckles Rederi v. Tidewater Constr*., 559 F.2d 928, 933 (4th Cir. 1977); *Handex of Md., Inc.* 2008 WL 11363365, at *5.

Although the legal theories upon which *Mandel I* and *Mandel II* rest may differ and different standards are to be applied in each of the claims, both actions involve a common question of fact, involve the same two parties, and are being overseen by a single judge. Therefore, consolidation of the actions will promote efficiency in having the issued heard and decided alongside one another and to prevent inconsistent findings. *See Handex of Md., Inc.* 2008 WL 11363365, at *5 (consolidating actions even though the second action involved an additional party not included in the first action). "Moreover, one proceeding will minimize the need to address any issues of res judicata or issue preclusion that would normally appear in having two separate trials." *Id*.

Plaintiff's concern that consolidation could complicate evidentiary presentation is unavailing especially given that her Privacy Act claims would not go before a jury and would instead be decided by a judge. *See Buckles v. Indian Health Serv./Belcourt Serv. Unit*, 268 F. Supp. 2d 1101, 1102 (D.N.D. 2003) (citing 5 U.S.C. §§ 552; 522a) ("Neither

the Privacy Act nor the Freedom of Information Act provide a plaintiff with the right to a jury trial."). Judges are capable of, and frequently do, evaluate various separate or alternative claims arising out of the same factual issues without misapplying the evidentiary standard required for each. *See e.g., En Fuego*, 356 F. Supp. 3d at 10–11 (consolidating cases even though some of the claims in each of the actions differed because "[a]t their core, both cases involve constitutional and administrative law challenges to" an FDA decision, and "[t]he fact that one set of plaintiffs advances different claims or theories does not, without more, defeat the benefits of a single judge deciding related challenges."). After the consolidation of the cases, each claim retains its separate character; therefore, each claim will continue to be separately evaluated based on the specific legal standard that applies. *See Bank Markazi v. Peterson*, 578 U.S. 212, 232–33 (2016) (citing 9A C. Wright & A. Miller, Federal Practice and Procedure § 2382, p. 10 (3d ed. 2008) ("[A]ctions do not lose their separate identity because of consolidation.")). Given that the two cases share common operative facts, involve the same two parties, and are already both before the same judge, consolidation is appropriate for convenience and judicial efficiency. Therefore, DCSA's motion to consolidate will be granted.

### B.    Motion for Extension of Time

On March 19, 2026, after the Motion to Consolidate was fully briefed, DCSA filed a Motion for Extension of Time to file Responsive Pleadings, requesting that the Court grant DCSA an extension of thirty days from the date the Court rules on the Motion to Consolidate. *Mandel I*, ECF No. 41. Plaintiff opposes the motion contending that the motion seeks an open-ended delay, noting that she does not oppose an extension but

that such deadline should be for a short, definite period. ECF No 42. DCSA's Motion for Extension of Time will be granted, and DCSA will be directed to file one consolidated answer, motion, or other response to the *Mandel I* and *Mandel II* complaints within 30 days of the date of this Order.

## III.   CONCLUSION AND ORDER

For the aforementioned reasons, the Court hereby ORDERS as follows:

1. Defendant's motions to consolidate (Case No. 25-cv-2025, ECF No. 37; Case No. 25-cv-3515, ECF No. 25) are GRANTED;

2. Pursuant to Fed. R. Civ. P. 42(a)(2), *Mandel v. Defense Counterintelligence and Security Agency* (Case No. 25-cv-2025) and *Mandel v. Defense Counterintelligence and Security Agency* (Case No. 25-cv-3515) are consolidated under *Mandel v. Defense Counterintelligence and Security Agency*, Case No. 25-cv-2025;

3. All further briefing shall be filed under Case No. 25-cv-2025 only;

4. Defendant's motions for extension of time (Case No. 25-cv-2025, ECF No. 41; Case No. 25-cv-3515, ECF No. 28) are GRANTED; and

5. Defendant shall file an answer, motion, or otherwise respond to Plaintiff's complaints within thirty (30) days of the date of this Order.

Date:  April 13, 2026

_____/s/_____
Adam B. Abelson
United States District Judge